

**FILED**

NOV - 9 2015

U.S. DISTRICT COURT-WVND
CLARKSBURG, WV 26301

**United States Department of**

*William J. Ihlenfeld, II*
*United States Attorney's Office*
*Northern District of West Virginia*

Derek W. Hotsinpiller Federal Building
320 West Pike Street   Phone: (304) 623-7030
Suite 300              FAX: (304) 623-7031
Clarksburg, WV  26301

October 6, 2015

L. Richard Walker, Esquire
Federal Public Defenders Office
Huntington Bank Building
230 West Pike Street, Suite 360
Clarksburg, WV  26301

    Re:    *United States v. Ratique Wilson, a/k/a "Montana"*
            Criminal No.: 1:15CR69

Dear Mr. Walker:

    This will confirm conversations with you concerning your client, Ratique Wilson, (hereinafter referred to as Mr. Wilson).

    All references to the "Guidelines" refer to the guidelines established by the United States Sentencing Commission, effective November 1, 1987, as amended.

    It is agreed between the United States and your client as follows:

    1.    Mr. Wilson will plead guilty to Count Four of the Indictment, charging him with Distribution of Cocaine Base, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

    2.    The maximum penalty to which Mr. Wilson will be exposed by virtue of his plea of guilty, as stated in paragraph 1 above, is a term of not more than twenty (20) years, a fine of not more than $1,000,000.00, or both, a period of supervised release of at least three (3) years, and a special mandatory assessment of $100.00 (18 U.S.C. §3013), which must be paid before the date of sentencing by money order or certified check, made payable to the United States District Court.  It is understood that Mr. Wilson might be required by the Court to pay the costs of his incarceration.

_Ratique Wilson_
Ratique Wilson

_L. Richard Walker_
L. Richard Walker
Counsel for Mr. Wilson

11/6/15
Date

11/6/15
Date

L. Richard Walker, Esquire
October 6, 2015
Page 2

    3.    Mr. Wilson will be completely forthright and truthful with federal officials in the Northern District of West Virginia and elsewhere with regard to all inquiries made of him and will give signed, sworn statements and grand jury and trial testimony relative thereto. Mr. Wilson will agree to submit to a polygraph examination if requested to do so by the United States Attorney's Office for the Northern District of West Virginia.

    4.    Nothing contained in any statement or any testimony given by Mr. Wilson, pursuant to paragraph 3, will be used against him as the basis for any subsequent prosecution. It is understood that any information obtained from Mr. Wilson in compliance with his cooperation agreement will be made known to the sentencing Court; however, pursuant to Guideline 1B1.8, such information may not be used by the Court in determining Mr. Wilson's applicable guideline range. However, this agreement does not prevent Mr. Wilson from being prosecuted for any violations of other Federal and state laws he may have committed should evidence of any such violations be obtained from an independent legitimate source, separate and apart from that information and testimony being provided by him pursuant to the agreement. In addition, nothing contained in the agreement shall prevent the United States from prosecuting Mr. Wilson for perjury or the giving of a false statement to a federal agent, if such a situation should occur by virtue of his fulfilling the conditions of paragraph 3 above.

    5.    At final disposition, the United States will advise the Court of Mr. Wilson's forthrightness and truthfulness, or failure to be forthright and truthful, and ask the Court to give the same such weight as the Court deems appropriate. At sentencing, the United States will move to dismiss the remaining counts in the indictment against Mr. Wilson.

    6.    There have been no representations whatsoever by any agent or employee of the United States, or any other law enforcement agency, as to what the final disposition in the matter should and will be. Their agreement includes nonbinding recommendations by the United States, pursuant to Rule 11(c)(1)(B); however the defendant understands that the Court is not bound by these sentence recommendations, and that the defendant has no right to withdraw a guilty plea if the Court does not follow the sentencing recommendations set forth in the plea agreement.

    7.    Provided the defendant pays the $100.00 special assessment fee on or before the day of sentencing, and provided the United States Probation Office recommends, the United States will make the following nonbinding recommendations: 1) if, in the opinion of the United States Attorney's Office, the defendant accepts responsibility, or if the probation office recommends a two-level reduction for "acceptance of responsibility," as provided by Guideline 3E1.1, the United States will concur in the recommendation; 2) should the defendant give timely and complete information about his own involvement and provide timely notice of his intent to plead guilty, permitting the United States to avoid trial preparation, and comply with all the requirements of the agreement, the United States will recommend an additional one level for timely acceptance of responsibility, if applicable, if the agreement is executed and returned to the United States Attorney's Office by **5:00 p.m. on October 26,**

_____
Ratique Wilson

_____
L. Richard Walker
Counsel for Mr. Wilson

11/6/15
Date

11/6/15
Date

L. Richard Walker, Esquire
October 6, 2015
Page 3

2015, and 3) the United States will recommend that any sentence of incarceration imposed should be at the lower end of the applicable guideline range.



*CRW SV an issue for Sentencin*

8. Pursuant to Sections 6B1.4 and 1B1.3 of the Guidelines, the parties hereby stipulate and agree that the total drug relevant conduct attributable to the defendant ~~is between 280 and 840 grams~~ of cocaine base. The parties further stipulate and agree that a two level enhancement pursuant to U.S.S.G. 2D1.1(b)(1) is applicable. The parties understand that pursuant to Section 6B1.4(d), the Court is not bound by the above stipulation and is not required to accept same. Mr. Wilson understands and agrees that should the Court not accept the above stipulation, he will not have the right to withdraw his plea of guilty.

9. The defendant understands that the forfeiture of property will be part of the sentence imposed in this case and agrees to the forfeiture of the following property:

    a. a Taurus PT24/7 G2, .40 caliber handgun, serial number SFR15438 with one magazine and 154 rounds of unfired cartridges;

    b. a Taurus PT709 9mm handgun, SN: TFP92500 with two magazines and fourteen unfired cartridges;

    c. a Ruger .45 caliber handgun, model P345, SN: 664-91580 with two magazines and 16 unfired cartridges;

    d. a Bonffacio handgun, SN: 29478 with one magazine;

    e. a Hi Point .45 caliber handgun, model JHP, SN; X4194454 with one magazine and nine unfired cartridges, and

    f. $16,470.00 in U.S. currency.

The defendant stipulates to the existence of the requisite forfeiture nexus between the offense conduct underlying this agreement and the above-described specified property, which constitutes proceeds of the offense of conviction, and property that facilitated the offense of conviction.

The defendant hereby waives all interest in the property subject to this plea agreement in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. By signing this agreement, the defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the

_____       11/6/15
Ratique Wilson       Date

_____       11/6/15
L. Richard Walker       Date
Counsel for Mr. Wilson

L. Richard Walker, Esquire
October 6, 2015
Page 4

forfeiture in the charging instrument, the announcement of the forfeiture at sentencing, and the incorporation of the forfeiture in the judgment.

10. If, in the opinion of the United States, the defendant either engages in conduct defined under the Application Notes 4(a) through (k) of Guideline 3C1.1, fails to cooperate as promised, fails to pay the special assessment prior to the sentencing hearing, or violates any other provision of the plea agreement, then the United States will not be bound to make the foregoing recommendations, and the defendant will not have the right to withdraw the plea.

11. The United States reserves the right to provide to the Court and the United States Probation Office, in connection with any presentence investigation that may be ordered pursuant to Rule 32(c) of the Federal Rules of Criminal Procedure, or in connection with the imposition of sentence should the Court, pursuant to Rule 32(c)(1), not order a presentence investigation, relevant information including Mr. Wilson' background criminal record, offense charged in the indictment and other pertinent data appearing at Rule 32(c)(2) of the Federal Rules of Criminal Procedure as will enable the Court to exercise its sentencing discretion. The United States also retains the right to respond to any questions raised by the Court, to correct any inaccuracies or inadequacies in the anticipated presentence report to be prepared by the Probation Office of the Court, and to respond to any written or oral statements made by the Court, by Mr. Wilson or his counsel.

12. Mr. Wilson is aware that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. Acknowledging this, and in exchange for the concessions made by the United States in this plea agreement, the defendant waives the right:

    a. to appeal any order, the conviction and any sentence that has a base offense level of thirty (30) or lower or the manner in which that sentence was determined on any ground whatsoever, including those grounds set forth in 18 U.S.C. § 3742.

    b. to challenge the conviction or any sentence that has a base offense level of thirty (30) or lower or the manner in which it was determined in any post-conviction proceeding, including any proceeding under Title 28, United States Code, Section 2255. Nothing in this paragraph, however, will act as a bar to the defendant perfecting any legal remedies he may otherwise have on appeal or collateral attack respecting claims of ineffective assistance of counsel or prosecutorial misconduct. The defendant agrees that there is currently no known evidence of ineffective assistance of counsel or prosecutorial misconduct.

_Ratique Wilson_            11/6/15
Ratique Wilson            Date

                                           11/6/15
L. Richard Walker           Date
Counsel for Mr. Wilson

L. Richard Walker, Esquire
October 6, 2015
Page 5

13.  If the defendant's plea is not accepted by the Court or is later set aside or if the defendant breaches any part of the agreement, then the Office of the United States Attorney will have the right to void the agreement.

14.  The above thirteen (13) paragraphs constitute the entire agreement between Mr. Wilson and the United States of America in the matter. There are no agreements, understandings or promises between the parties other than those contained in the agreement.

Very truly yours,
William J. Ihlenfeld, II
United States Attorney

By: _____
Zelda E. Wesley  (STEPHEN WARNER)
Assistant United States Attorney

As evidenced by my signature at the bottom of the five (5) pages of the letter agreement, I have read and understand the provisions of each paragraph herein and, hereby, fully approve of each provision.

_____    11/6/15
Ratique Wilson                      Date

_____    11/6/15
L. Richard Walker                   Date
Counsel for Mr. Wilson