IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG

UNITED STATES OF AMERICA,

v.  CRIMINAL ACTION NO. 1:15-CR-69

RATIQUE WILSON,

      Defendant.

## UNITED STATES' RESPONSE TO PRO SE MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE

Now comes the United States of America and William Ihlenfeld, United States Attorney for the Northern District of West Virginia, by Zelda E. Wesley, Assistant United States Attorney for district, and in opposition to Defendant's Motion for early termination of supervised release, asserts the following:

On February 5, 2015, a search warrant was executed at Defendant's residence located on Chamberlain Avenue in Fairmont, West Virginia. The search warrant was issued as a result of law enforcement obtaining several undercover drug purchases from the residence. Specifically, on January 15, 2015, January 19, 2015, January 28, 2015, and February 3, 2015, law enforcement utilized a confidential informant to purchase crack cocaine from Defendant or his co-conspirator, Michael Figueroa, from the residence.

During the search execution of the residence, officers seized a firearm next to Figueroa, who was on the couch on the first floor. Defendant was located in a bed in an upstairs bedroom and also in the bed was a loaded .40 caliber Taurus handgun with one magazine containing 15 rounds. Crack cocaine was in a dresser next to the bed. Also recovered from the residence was a

1

Taurus 9 mm handgun with two magazines containing ammunition, a Ruger .45 caliber pistol with two magazines and 16 rounds of ammunition, a Bonffacio pistol with magazine, a Hi-Point .45 caliber pistol with a magazine and 9 rounds of ammunition, $16,470.00 in United States currency, multiple sets of digital scales, and 33.235 grams of crack cocaine that had not been sold to customers.

Following the search warrant execution, Defendant was charged by a Federal grand jury with eight counts in an indictment to include conspiracy to distribute narcotics (21 U.S.C. 846); maintaining a drug involved premises (21 U.S.C. 856(a)(2)); distribution of crack cocaine (21 U.S.C. 841(a)(1); and use of a firearm during and in relation to a drug trafficking offense (18 U.S.C 924(c)(1)(A)(i)). Defendant pled guilty to one of the distributions of crack cocaine counts, and was ultimately sentenced to a term of imprisonment that included three years of supervised release.

18 U.S.C. 3583(e)(1) provides a court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7), terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

Some of the factors the court should consider pursuant to section 3553 are the nature and circumstances of the offense and the history and characteristics of the defendant, to provide adequate deterrence for criminal conduct, to protect the public, and to provide defendant with educational or vocational training.

The phrase in "the interest of justice" provides the court latitude to consider a broad range of factors on whether supervised release should be terminated, and the court must determine that

the individual's conduct and the interest of justice both warrants early termination. <u>United States v. Pregent</u>, 190 F.3d 279, 283 (4th Cir. 1999).

Even though Defendant does not possess adult criminal convictions, the nature and circumstances of his offense was extremely serious and dangerous as it involved multiple loaded firearms. Defendant's criminal conduct was not a single isolated event, but were numerous criminal acts that involved narcotics and firearms as evidenced by the large sum of money and crack cocaine seized from his residence.

Defendant has been on supervised release for 16 months as his supervision began on September 30, 2021. During his supervision, Defendant managed to have two vehicles even though he worked intermittently and his employment consisted of driving taxicabs and Papa Johns. Continued supervision is essential to ensure Defendant, who has not maintained steady employment, has the tools and resources that supervision can provide as he continues to adjust to life post-incarceration.

Additionally, the interests of justice are not served by affording Defendant an early termination of his supervised release. The nature and circumstances of defendant's offenses, as well as his character as exemplified in those offenses warrants continued supervision to ensure the safety of the public.

For all of the foregoing reasons, the government objects to Defendant's Early Termination of Supervised Release.

        Respectfully submitted,

        WILLIAM IHLENFELD
        UNITED STATES ATTORNEY


By:   /s/ Zelda E. Wesley
       Zelda E. Wesley

Assistant United States Attorney

## CERTIFICATE OF SERVICE

I, Zelda E. Wesley, Assistant United States Attorney for the Northern District of West Virginia, hereby certify that on February 15, 2023, the foregoing *UNITED STATES' RESPONSE TO PRO SE MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE* was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all participants registered in CM/ECF in the above-referenced matter.

        WILLIAM IHLENFELD
        UNITED STATES ATTORNEY

By:   /s/ Zelda E. Wesley
        Zelda E. Wesley
        Assistant United States Attorney